TEMERSON v. GRAU et al.

(Supreme Court, Appellate Term. December 26, 1900.)

CONVERSION OF CHECK—LAWFUL POSSESSION AND TRANSFER.

Where plaintiff delivered his check, in payment of a debt, to defendants, who indorsed it in due course of business in payment of their debt to another, in whose hands it remained after dishonor, plaintiff, after having otherwise paid his debt to defendants, could not maintain conversion against defendants on a subsequent demand for the return of his check, they having ceased to have any possession of or control over it.

Appeal from municipal court, borough of Manhattan.

Action by Morris Temerson against Louis Grau and another. From a judgment for defendants, plaintiff appeals. Affirmed.

Argued before BEEKMAN, P. J., and GIEGERICH and O'GOR-MAN, JJ.

Louis Levy, for appellant.
Isidor Cohn, for respondents.

BEEKMAN, J. This action is brought for the conversion of a check. The trial justice awarded judgment in favor of the defendants, dismissing the complaint upon the merits. In some respects there was a sharp conflict of evidence, which, from the nature of the judgment, it must be assumed that the court below resolved in a manner most favorable to the defendants. It is not disputed that when the check was delivered by the plaintiff to the defendants it represented a sum of money that was due from him to the latter. Immediately upon receipt of the same, the defendants indorsed it over to one Levy in payment of an equivalent sum for which they were indebted to him. Levy thereupon presented the check to the bank upon which it was drawn for payment, which was refused on the ground that the plaintiff's account was not good for any such sum. Apparently thereafter the check continued to remain in the possession of Mr. Levy. The contention on the part of the plaintiff is that he subsequently paid the amount of the same to the defendants, but failed at the time to secure its return to him. He testifies that he subsequently demanded its return by the defendants without success. It is obvious upon this state of facts that no conversion was established. The defendants were originally in lawful possession of the check, and were acting entirely within their rights in transferring it to Levy, who apparently continued to be the owner and in possession of the same up to the time of the trial. As the defendants ceased to have any possession of or control over the check after it had been lawfully transferred by them to Levy,—a condition which apparently existed at the time that the plaintiff's demand was made,—it is plain that none of the elements essential to support an action for conversion existed at the time this action was brought. The decision of the trial justice was, therefore, right, and must be affirmed.

Judgment affirmed, with costs. All concur.